[Criminal No. 830. Filed March 16, 1936.]

[55 Pac. (2d) 656.]

STATE OF ARIZONA, Appellant, v. JAMES HILER, Respondent.

Mr. John L. Sullivan, Attorney General, and Mr. Lloyd J. Andrews, Assistant Attorney General, for the State.

Messrs. Darrell, Pattee & Robertson and Mr. James V. Robins, for Respondent.

ROSS, J.—This is an appeal by the state from an order sustaining a demurrer to an information against respondent for unlawfully killing a cow the property of another. Such order is assigned as error by appellant, and under such assignment it is argued that the information conforms with the formal requirements of section 4982, Revised Code of 1928, prescribing the requisites of an indictment or information, and stops there. We quote the assignment:

"The court erred in sustaining the demurrer to the information."

Respondent in his brief makes the point that the state in its opening brief fails to advise or inform the court or respondent of the grounds of the appeal. In that connection, respondent calls our attention to the legal points filed with the demurrer and relied upon by him in support of demurrer, as follows:

"The statute under which the information is filed constitutes an unlawful and unreasonable interference with private rights and private property rights and for such reason is void.

"The title of the act is deficient in the definition of the offense.

"The act does not include the offense set forth in the title thereof."

From these legal points and the demurrer it is seen the validity of the law was raised.

The state in its opening brief gives no intimation to the court of the questions upon which the trial court passed, or of the questions raised and ruled upon below.

The right of the state to appeal from the order sustaining demurrer is given by section 5136, Revised

Code of 1928; but we think it is incumbent upon the state, when the record (as it does in this case) shows the grounds for the order sustaining demurrer, by proper assignment to present such grounds to this court and support its contentions by some argument and authorities. Neither this court nor respondent could tell from appellant's assignment or argument, or from both, what the grounds were upon which the demurrer was sustained. No one would have suspected it was sustained for some alleged defect in the law or for failure to properly entitle the law.

Subdivision 2 of rule 7 of this court provides:

"The appellant's opening brief shall contain, in the order herein indicated: . . .

"(b) When questions of fact were not tried in the lower court and are not necessary to be considered by this Court in determining the cause, a concise statement of the contentions made by the pleadings or other papers on which are based the questions raised and the issues tried in the lower court and brought to this Court for review, shall take the place of the statement of facts in subdivision (2), *supra.*

"(c) In addition to the statement set forth in subdivision (a) or (b), appellant shall state briefly any other matters of fact which may be necessary to inform the Court of the issues and points raised upon the appeal, in so far as such facts are legally a part of the record."

There was no attempt to comply with these rules. Their plain and unmistakable purpose was to inform the appellate court fully of the legal issues and points raised upon appeal, as well as the questions raised and issues tried in the lower court.

The appellant in its reply brief relies upon its general assignment of error as contained in the opening brief and in addition thereto elaborates on the points and issues tried or passed upon by the lower court, and argues extensively that the law under

which the information was drawn is valid and was properly entitled; or, if invalid, the statute it attempted to amend or repeal was unaffected and controlling.

Under the rules of the court the appellant files his brief; thereafter respondent may file his; the appellant may file a reply. These are the only briefs that may be filed except upon leave of the court. We have here only the argument of appellant, and that is contained in its reply brief, on the only questions raised or passed upon by the trial court. Respondent has not argued in his answering brief such questions, for the reason that they were not presented by assignment or otherwise in appellant's opening brief.

Because the questions upon which the trial court passed have not been properly or aptly presented by appellant in conformity with the rules of this court, and because they have not been fully or adequately argued, we feel we should not pass upon them. We properly may say of the state's opening brief what was said by this court of a like situation in *Territory v. Norris,* 12 Ariz. 176, 100 Pac. 459, as follows:

"The Attorney General has not indicated to us, either by brief or oral argument, upon what point or points he desires our decision. Therefore, nothing being presented to us for our review, the appeal is dismissed."

If the reply brief contained proper assignments, which it does not, it is not the time or place for them. Respondent has a right to know what he is to answer in his brief. We have so often discussed the duty of an appellant to make proper assignments that it would serve no purpose to repeat ourselves here.

The order sustaining the demurrer is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.